UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RELETHEA E. DAVIS,

         Plaintiff,         CIV. S-03-1200 MCE PAN

    v.

JO ANNE B. BARNHART,        Findings and Recommendation
Commissioner of Social
Security,

         Defendants.

—o0o—

    Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

    If eligible, to qualify for benefits a claimant must establish inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A).  Defendant bases her decision upon a five-step analysis.  First, the claimant must not currently be working.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. § 404.1520(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found plaintiff was eligible, suffered from abdominal pain secondary to chronic pancreatitis, insulin-dependent diabetes, iron deficiency anemia and obesity, but no listed impairment, that she cannot do her past work but retains the capacity to work as an office helper, cashier and assembler, and is not disabled.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197,

1200 (9th Cir. 1990). Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401. The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence. <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant erred in rejecting the opinion of plaintiff's treating physician and plaintiff's testimony about the limits imposed by pain, and in posing his hypothetical to the vocational expert whose opinion he erroneously rejected.

Dr. Sarbjeet Narwan treated plaintiff since at least June 1999 when plaintiff became seriously ill and was admitted to the ICU at Mercy San Juan Hospital with diabetes. Tr. 213. While in the hospital she developed acute pancreatitis and at one point suffered respiratory failure and had to be intubated. Id. She

3

was discharged after a month-long stay.  Id.  In August, she suffered severe abdominal pain for which Vicodin was prescribed and in September was hospitalized again for 13 days.  Tr. 266, 192.  She continued to experience pain despite taking four Vicodin tablets daily and was admitted again in December when she underwent surgery to excise a large "pancreatic pseudocyst."  Tr. 241, 177.  There were complications and she was discharged with a drainage tube in place which remained for five months.  Tr. 177, 281.  Meanwhile her physicians had trouble controlling her blood sugar.  Tr. 283.  In October 2000, Dr. Narwan found that because of plaintiff's diabetes and pain associated with pancreatitis and diabetes she was incapable of work.  Tr. 293-95.  Defendant rejected this opinion because it was "not supported by detailed, clinical diagnostic evidence" and "appear[ed] to be based solely upon [plaintiff's] recitation of her subjective complaints" and because it was "an accommodation in part by the physician in an attempt to assist the claimant in her disability claim rather than for treatment."  Tr. 15-16.

   The opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (citations omitted).  The opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability but before rejecting it, defendant must give "specific, legitimate reasons for doing so that are based on

4

substantial evidence in the record." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995); <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)(quoting Sprague, 812 F.2d at 1230).

In this case, the reasons given for rejecting Dr. Narwan's opinion are neither legitimate nor supported by any evidence in the record.  Because the other issue raised by plaintiff is intertwined with this threshold question, the court declines to address them at this stage.

I recommend that the decision be reversed.

These findings and recommendations are submitted to the Honorable Morrison C. England, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 23, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge